Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike - Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
Attorney for Plaintiff, Nina A. Hana,
on behalf of herself and all others similarly situated

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
Nina A. Hanna, on behalf of herself
and all others similarly situated,

                                                     **CLASS ACTION**
                    Plaintiffs,                     **COMPLAINT**

    v.

Client Services, Inc.

             Defendant.
--------------------------------------------------------X

    Plaintiff, by and through her counsel, Ryan Gentile, Esq., as and for her complaint against the Defendant, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure all others similarly situated, alleges as follows:

## INTRODUCTION

1. Plaintiff, on her own behalf and on behalf of the class she seeks to represent, brings this action to secure redress for the debt collection practices utilized by Client Services, Inc. ("CSI" or "Defendant") in connection with their attempts to collect alleged debts from the Plaintiff and others.

2. Plaintiff alleges that the Defendant's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA")

1

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

4. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. *See* <u>Bentley v Great Lakes Collection Bureau</u>, 6 F.3d 60, 62-63 (2d Cir. 1993).

## **JURISDICTION AND VENUE**

5. This Court has jurisdiction over Plaintiff's FDCPA claim pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue and personal jurisdiction in this District are proper because:

    a. The acts giving rise to this lawsuit occurred within this District; and

    b. Defendant does business within this District.

## **PARTIES**

7. Plaintiff, Nina A. Hana is an individual natural person who at all relevant times resided in the City of Rego Park, County of Queens, State of New York.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant, Client Services, Inc. is a corporation with its principal place of business located at 3451 Harry S. Truman Blvd St. Charles, MO 63301. CSI may be served with process via their registered agent, Corporation Services Company, located at 80 State Street Albany, NY 12207.

10. The principal purpose of CSI is the collection of debts using the mail and telephone.

11. CSI regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. CSI is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTS

13. Sometime prior to July 1, 2020, Plaintiff allegedly incurred a debt to Capital One Bank (USA), N.A. ("Capital One") related to a Capital One credit card with an account number ending in 7065 (the "Debt").

14. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely fees emanating from a personal credit card account in Plaintiff's name that was issued by Capital One.

15. The Debt arose out of a credit card account which Plaintiff opened for her personal use.

16. Plaintiff's credit card account that was issued by Capital One was neither opened nor used by Plaintiff for business purposes.

17. Plaintiff's personal credit card account Debt to Capital One is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the alleged Debt.

19. The Debt went into default because of non-payment and was charged off by Capital One.

20. At a time known only to Defendant, Plaintiff's Debt was referred to CSI by Capital One for collection.

21. The Debt was never assigned to CSI.

22. CSI was never transferred, sold, or assigned any interest or rights with regard to the Debt.

23. CSI is not the owner of the Debt nor the Plaintiff's creditor, but rather is merely a third-party debt collector with no legal interest or right in the Debt.

24. CSI contends that the Debt is in default.

25. The Debt was in default at the time the Debt was referred to CSI for collection.

26. The Debt was past-due at the time the Debt was referred to CSI for collection.

27. At all times relevant hereto, Defendant acted in an attempt to collect the Debt.

28. On or about July 20, 2020, CSI mailed or caused to be mailed a letter to Plaintiff (the "July Letter"). (Annexed and attached hereto as Exhibit A is a copy of the July Letter dated July 20, 2020 that CSI mailed to the Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect her privacy)

29. CSI mailed the July Letter attached as Exhibit A as a part of their efforts to collect the Debt.

30. Plaintiff received the July Letter in the mail.

31. Plaintiff read the July Letter upon receipt of the letter in the mail.

32. The July Letter was sent in connection with the collection of the Debt.

33. The July Letter seeks to collect the Debt.

34. The July Letter conveyed information regarding the Debt including the Balance Due, CSI Reference number and a request for payment.

35. The July Letter is the first written letter or notice that CSI sent to Plaintiff regarding the Debt .

36. The July Letter attached as <u>Exhibit A</u> is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

37. The July Letter states on the top left corner that the balance due is $2,386.49.

38. The July Letter later states in relevant part:

    | | |
    |---|---|
    | Balance Due At Charge-Off: | $2,386.49 |
    | Interest Since Charge-Off: | $307.39 |
    | Other Charges Since Charge-Off: | $103.00 |
    | Payments Made Since Charge-Off: | $0.00 |
    | **Balance Due:** | **$2,386.49** |

39. $2,386.49 + $307.39 + 103.00 = $2,796.88, and not the $2,386.49 referenced in the letter under the "Balance Due" heading.

40. On or about November 23, 2020, CSI mailed or caused to be mailed another letter to Plaintiff (the "November Letter"). (Annexed and attached hereto as <u>Exhibit B</u> is a copy of the November Letter dated November 23, 2020, that CSI mailed to the Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect her privacy)

41. CSI mailed the November Letter attached as <u>Exhibit B</u> as a part of their efforts to collect the Debt.

42. Plaintiff received the November Letter in the mail.

43. Plaintiff read the November Letter upon receipt of the letter in the mail.

44. The November Letter was sent in connection with the collection of the Debt.

45. The November Letter seeks to collect the Debt.

46. The November Letter conveyed information regarding the Debt including the Balance Due, CSI Reference number and a request for payment.

47. The November Letter attached as <u>Exhibit A</u> is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

48. The November Letter tells the Plaintiff to disregard a letter that CSI sent them dated July 20, 2020, and that no interest or charges were added to the balance of her debt since charge off.

49. The November Letter seemingly refers to the July Letter, but the account number referenced in the November Letter for the Capital One credit card ends in 5617 while the account number for the Capital One credit card in the July Letter ends in 7065. Therefore, the debt referenced in the November Letter cannot be the same one referenced in the July Letter because the credit card account numbers for the underlying debt are different in the two letters.

50. On information and belief, the July Letter attached as <u>Exhibit A</u> is a mass-produced, computer generated form letter that is prepared by CSI and mailed to consumers in the State of New York, such as Plaintiff, from whom they are attempting to collect a debt.

51. Defendant used the same procedures they used in sending the July Letter attached as <u>Exhibit A</u> when sending the same and/or similar letters to other New York consumers.

**CLAIMS FOR RELIEF**

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

52. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

53. In sending the July Letter attached as <u>Exhibit A</u>, and the November Letter attached as <u>Exhibit B</u>, Defendant violated 15 U.S.C. §§1692, 1692e, 1692e(2)(A), 1692e(10), 1692g, 1692g(a)(1).

54. 15 U.S.C. §1692e provides:

    **§1692e.        False or Misleading Representations**

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    >   (2) The false representation of --

    >   >   (A) the character, amount, or legal status of any debt;

    >   (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer

55. 15 U.S.C. §1692g provides:

    **(a) Notice of debt; contents**
    Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing

    >   (1) the amount of the debt

56. Defendant violated §1692g(a)(1) because the July Letter attached as <u>Exhibit A</u> does not effectively convey the amount of the Debt allegedly owed by Plaintiff. The financial information listed in the July Letter is inconsistent and does not make sense, and the Plaintiff, as any least sophisticated consumer would be, was unable to deduce from the July Letter the actual amount of her alleged Debt as of the date of the July Letter. The figures listed in the July Letter are inconsistent and confusing because the amount listed as owing as of the charge off ($2,386.49), plus the interest accrued since the charge off ($307.39), plus the non-interest charges and fees accrued since the charge off ($103.00), minus the payments made since the charge off ($0.00), does not add up to the $2,386.49 listed under the "Balance Due" heading and in the body of the July Letter. Simply put, a debt that was $2,386.49 at charge off and that later accrued $307.39 in interest and

$103.00 in other fees since the charge off, with $0.00 in payments made since the charge off, cannot possibly have a current balance of $2,386.49, but rather, the balance due would be $2,796.88 ($2,386.49 + $307.39 + 103.00). Therefore, CSI violated §1692g(a)(1) by failing to accurately and clearly state the amount of the Debt allegedly due as of the date of the July Letter.

57. In the alterative, even if the Balance of $2,386.49 is correct, the July Letter still violates §1692g(a)(1) because "even if a debt collector accurately conveys the required information, a consumer may state a claim is she successfully alleges that the least sophisticated consumer would inaccurately interpret the message." *See* Carlin v. Davidson Fink LLP, 852 F.3d 207, 2016 (2d Cir. 2017). In this matter, it is clear that any consumer, let alone a least sophisticated consumer, would inaccurately interpret the Letter because it contains two distinct amounts that could allegedly be owed, one of which must be false. Either the Plaintiff owes the $2,386.49 amount listed under the "balance due" heading, or they owe the $2,796.88 amount listed in the breakdown of the Debt as of and after the charge off ($2,386.49 + $307.39 + 103.00 = $2,796.88).

58. Courts within this District have previously held that a plaintiff states a viable claim under the FDCPA when they receive a collection letter, like the July Letter attached as Exhibit A hereto, that contains a breakdown of the amount owed as of the charge off and interest and fees accrued since the charge off that does not add up to the total balance allegedly owed.  In Meola v. Asset Recovery Solutions, LLC and Bureaus Investment Group Portfolio No. 15, LLC, No. 17-cv-01017 Slip Op. (ECF No. 53) (E.D.N.Y. Aug. 15, 2018), Magistrate Judge Ramon E. Reyes, Jr. wrote a Report and Recommendation that was later adopted by Judge Margo K. Brodie in Meola v. Asset Recovery Solutions, LLC

8

and Bureaus Investment Group Portfolio No. 15, LLC, 2018 WL 4660373 (E.D.N.Y. Sept. 28, 2018), in which it was held that the plaintiff stated a viable claim under §1692g when the letter at issue stated:

| | |
|---|---|
| Total Current Balance: | $12063.45 |
| Amount due at Charge off: | $10848.95 |
| Interest Accrued Since Charge Off: | $10848.95 |
| Miscellaneous Fees Since Charge Off: | $1214.50 |

The Meola Court held that the plaintiff stated a claim under §1692g because the amount due as of charge off plus the interest and fees accrued since charge off, did not add up to the total current balance. The Meola Court found because of the contradictory amounts listed, "the least sophisticated consumer would be unable to deduce the actual amount of the debt as of the date of the letter". Id. Slip Op. at 4.

59. Exactly like in the Meola case, CSI has similarly violated the FDCPA because like in Meola, the amounts listed in the July Letter as owing as of the charge off ($2,386.49) plus the interest ($307.39) and fees ($103.00) accrued since the charge off, minus the payments made ($0.00), do not add up to the total balance allegedly owed ($2,386.49). Thus, like in Meola, the Letter violates §1692g because the amounts listed as owing are confusing and contradictory to the least sophisticated consumer who would not be able to deduce the actual amount of the debt as of the date of the July Letter.

60. The July Letter violates §1692e(10) because it is misleading and deceptive as it has two possible meanings, one of which is untrue. Specifically, according to the July Letter, either the Plaintiff owes $2,386.49 or they owe $2,796.88. One of the balances cannot be correct, and therefore the July Letter violates §1692e(10).

61. In the alternative, if the Debt was only $2,386.49 at the time it was charged off and no interest or fees accrued since the Debt was charged off, then the July Letter violates 15 U.S.C. §1692e(2)(A) and 15 U.S.C. §1692e(10). The July Letter violates §1692e(2)(A) because it makes a false representation as to the amount of the debt by listing interest and other charges as having accrued on the Debt when that never in fact they never accrued. The July Letter also violates §1692e(10) because it is deceptive and misleading by listing interest and fees as having accrued on the Debt when that never in fact they never accrued.

62. CSI violated 15 U.S.C. §1692e(10) in sending the November Letter because while the November Letter seemingly refers to the July Letter, the account number referenced in the November Letter for the Capital One credit card ends in 5617 while the account number for the Capital One credit card in the July Letter ends in 7065. Therefore, the debt referenced in the November Letter cannot be the same one referenced in the Letter because the underlying credit card account numbers are different. If CSI was attempting to correct their July Letter, then they only further compounded the Plaintiff's confusion by referring to a debt that she does not owe for a credit card account ending in 5617 that she does not have. Defendant's actions were deceptive and misleading and made Plaintiff think she was the victim of identity theft.

63. The misleading and deceptive representations above are material because they left Plaintiff uncertain as to the balance of the Debt she allegedly owed and what debts she allegedly owed.

64. Plaintiff has alleged a particularized injury because the July Letter and November Letter were mailed and directed to her.

65. Plaintiff has alleged a concrete harm because the FDCPA creates a substantive right under §1692e to be free from abusive debt communications and §1692g creates a substantive right to receive certain information, and Defendant's violations of the FDCPA results in concrete harm to Plaintiff. *See*, <u>Cohen v. Rosicki, Rosicki & Associates</u>, P.C. 897 F.3d 75 (2d. Cir. July 23, 2018)

66. Be reason thereof, Defendant is liable to Plaintiff and the proposed class for judgment that the Defendant's conduct violated 15 U.S.C. §1692e and 15 U.S.C. §1692g and for statutory damages, costs, and attorneys' fees pursuant to 15 U.S.C. §1692k.

## CLASS ALLEGATIONS

67. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

68. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

69. The class is initially defined as: (a) all individuals (b) with a New York address (c) who were sent letters or notices from CSI in a form materially identical or substantially similar to the July Letter attached as <u>Exhibit A</u> to the Complaint (d) which was not returned as undeliverable (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action, (f) where the debt listed as being due as of Charge-off, plus interest listed as having accrued since the charge off, plus non-interest charge or fees listed as having accrued since the charge off, minus the amount of payments listed as having been made since the charge off, does not equal the "Balance Due" allegedly owed.

70. The class definition above may be subsequently modified or refined.

71. The proposed class specifically excludes the United States of America, the states of the Second Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Second Circuit and the United States Supreme Court.

72. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    i. **Numerosity**: Plaintiff is informed and believes and on that basis alleges that the class defined above is so numerous that joinder of all members would be impracticable. Defendant's conduct involves the sending of a form collection letter. Upon information and belief, there are at least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

    ii. **Common Questions Predominate**: There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e and 15 U.S.C. §1692g; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

iii. **Typicality**: Plaintiff's claims are typical of those of the class they seek to represent. Plaintiff's claims and those of each class member originate from the same conduct, practice, and procedure, on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA class action litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual

actions would engender. Furthermore, a class action is superior for the fair and efficient adjudication of this matter because individual actions are not economically feasible, members of the class are likely to be unaware of their rights or that they were violated, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class as previously set forth and defined above;

2. Adjudging that Defendant. violated 15 U.S.C. §§1692e and 1692g;

3. An award of statutory damages for Plaintiff, and the class pursuant to 15 U.S.C. §1692k;

4. Attorneys' fees, litigation expenses, and costs of suit pursuant to 15 U.S.C. §1692k; and

5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
May 21, 2021

By: /s/ Ryan Gentile
_____
Ryan Gentile, Esq.
Law Offices of Gus Michael Farinella PC
*Attorney for Plaintiff*
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: (516) 326-2333
rlg@lawgmf.com